UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SIMONE SANTOS, individually
and on behalf of other persons similarly
situated,

    Plaintiff,

v.

LAKEVIEW HEALTH SYSTEMS, LLC, a
Florida limited liability company, and
COMBINED RESOURCES, LLC, a Florida
limited liability company,

    Defendants.

_____/

## COMPLAINT

1.    Plaintiff, SIMONE SANTOS, (hereinafter referred to as "Plaintiff"), was and is an employee of Defendants, LAKEVIEW HEALTH SYSTEMS, LLC, a Florida limited liability company, and COMBINED RESOURCES, LLC, a Florida limited liability company (hereinafter referred to collectively as "Defendants"), and brings this action on behalf of herself and other current and former employees similarly situated for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2.    During her employment, Plaintiff has worked as a non-exempt Admissions Coordinator.

3.    Defendant, COMBINED RESOURCES, LLC, is a Florida limited liability company, with a principal place of business in Pompano Beach, Florida.

4.    Defendant, LAKEVIEW HEALTH SYSTEMS, LLC, is a Florida limited liability company, with a principal place of business in Pompano Beach, Florida. Upon information and

belief, LAKEVIEW HEALTH SYSTEMS, LLC is a wholly-owned subsidiary of COMBINED RESOURCES, LLC.

5. Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, are joint employers of Plaintiff and the other similarly situated employees because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff and the other similarly situated employees.

6. Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and others similarly situated.

7. At all times pertinent to this Complaint, Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. At all times material to this Complaint, Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, was in excess of $500,000.00 per annum at all times material hereto.

10. At all times pertinent to this Complaint, Defendants, LAKEVIEW HEALTH SYSTEMS, LLC and COMBINED RESOURCES, LLC, were enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

12. At all relevant times, Defendants employed Plaintiff as an Admissions Coordinator, and compensated her based on an hourly rate.

13. Plaintiff and the other similarly situated employees regularly worked overtime hours, but Defendants failed to credit Plaintiff and other similarly situated employees with all hours worked because Defendants unilaterally deducted lunch breaks from their work time, despite the fact that such bona fide breaks were not regularly taken.

14. Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks in violation of 29 U.S.C. § 201-209.

15. The records, if any, concerning the number of hours actually worked by Plaintiff and similarly situated employees and the compensation actually paid to them are in the possession and custody of Defendants.

16. The additional persons who may become plaintiffs in this action are current and former non-exempt employees, who were not compensated for all of their overtime hours on or after January 2008 because Defendants unilaterally deducted lunch/meal breaks from their work time, although bona fide breaks were not regularly taken. .

17. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

20. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other employees similarly situated have suffered damages plus incurred costs and reasonable attorney's fees.

21. As a result of Defendants' willful violation of the Act, Plaintiff and the other employees similarly situated are entitled to liquidated damages.

22. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, SIMONE SANTOS, and the other employees similarly situated, demand judgment against Defendants, LAKEVIEW HEALTH SYSTEMS, LLC, and COMBINED RESOURCES, LLC, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay for the hours they worked for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: January 10th, 2011
Boca Raton, Florida

Respectfully submitted,

Camar R. Jones (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com
Gregg I Shavitz (Fla. Bar No. 11398)
Email: gshavitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff

## CONSENT TO JOIN

1. I hereby consent to become a party plaintiff and make a claim against the defendant(s) and other potentially responsible parties for unpaid wages.

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing my claim and the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and settlement.

3. I hereby agree to be bound by any adjudication of my claim by the court, whether it is favorable or unfavorable.

4. I also consent to join any separate or related action against the defendant(s) or other potentially responsible parties to assert my claim and for my counsel to re-use this Consent Form in any such separate or related action.

Simone V. Santos
Name

_[signature]_
Signature